# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**C.B.,**
**Petitioner Below, Petitioner**

**vs.)  No. 21-0945** (Mercer County 19-C-97-DS)

**Donald Ames, Superintendent,**
**Mt. Olive Correctional Complex**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner C.B. was convicted of one count of first-degree sexual assault, one count of sexual abuse by a parent of a child, and one count of incest for sexual contact he had with his young daughter ("the victim") in the early months of 2000.[1] Petitioner challenged his convictions through two petitions for a writ of habeas corpus filed in the Circuit Court of Mercer County.[2] The circuit court held an evidentiary hearing and ultimately denied the petitions by order entered on October 25, 2021. Petitioner appeals the circuit court's order, arguing in five assignments of error that the circuit court's order should be reversed and that he should receive a new trial because he received ineffective assistance from his trial counsel.[3] We review the circuit court's ultimate disposition for an abuse of discretion, its findings of fact for clear error, and questions of law de novo. *See* Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016) ("'In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.' Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).").

---

[1] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R.A.P. 40(e).

[2] The appendix record indicates that petitioner's habeas counsel filed a petition for a writ of habeas corpus on petitioner's behalf and that, subsequently, petitioner, on his own behalf, filed a petition for a writ of habeas corpus. The circuit court considered and ruled on both petitions.

[3] Petitioner appears by counsel Bobby J. Erickson. Respondent Donald Ames, Superintendent, Mt. Olive Correctional Complex, appears by counsel Patrick Morrisey and Mary Beth Niday.

To prevail on a claim of ineffective assistance of counsel, a petitioner must satisfy the "two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed. 2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, in part, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). In reviewing counsel's performance under this test, "a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as [petitioner's] counsel acted in the case at issue." *Id.* at 6-7, 459 S.E.2d at 117-18, Syl. Pt. 6, in part. Our scrutiny of counsel's performance is "highly deferential." *Id.* at 16, 459 S.E.2d at 127 (quoting *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065). "[T]here is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Syl. Pt. 3, in part, *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 465 S.E.2d 416 (1995).

In petitioner's first assignment of error, he argues that his counsel was ineffective by failing to adequately investigate his claim of memory loss resulting from a head injury. He further argues that because his trial counsel did not retain an expert to explain his memory loss at his trial, his claim that he did not remember molesting the victim lacked the proper context, prejudicing his case. We find no merit to petitioner's arguments. Though petitioner now argues that he suffered memory loss as a result of a head injury, he testified at trial that he experienced memory loss as a result of chronic obstructive pulmonary disease. He further testified that he "remembered ever [sic] single thing that went on during that time," referring to the time during which the victim was molested, and he recalled, in detail, a conversation with his wife from the same time period. We find that petitioner's testimony establishes that, even if petitioner's trial counsel had obtained an expert to discuss petitioner's memory, the expert's opinions would not have changed the context of his assertion that he did not remember molesting the victim. Therefore, his trial counsel's performance regarding petitioner's claimed memory loss was not deficient under an objective standard of reasonableness. Accordingly, the circuit court did not abuse its discretion by denying the petitions on this issue.

In petitioner's second assignment of error, he argues that his trial counsel was ineffective by failing to obtain and investigate the victim's medical records. Petitioner asserts that, had the records been obtained and investigated, "the outcome could have very well been different from the verdict reached by the [j]ury." This assignment of error also lacks merit. Petitioner's trial counsel testified during the evidentiary hearing that he obtained the victim's medical records prior to petitioner's trial and that he had reviewed the records. In denying the petitions, the circuit court found that petitioner had "failed to produce any evidence refuting trial counsel's assertion that the records were already reviewed prior to the . . . trial." We find no clear error with the circuit court's finding. Further, we observe that petitioner has failed to explain how introduction of the records at his trial would have resulted in a different result. For these reasons, we find that counsel's performance was not deficient under an objective standard of reasonableness, and we conclude that the circuit court did not abuse its discretion by denying the petitions on this issue.

Petitioner's third assignment of error asserts that his trial counsel was ineffective by failing to investigate Facebook messages sent by petitioner's sister to the victim's half-sister and by failing to adequately prepare to rebut the messages at trial. Petitioner called his sister to testify during the trial, and she testified that she did not believe the victim's allegations against petitioner.

2

On cross-examination, counsel for the State asked the witness about the Facebook messages, one of which stated: "I called [the victim] just to let her know that I believe her." Petitioner's trial counsel argued at trial that the Facebook messages were fake and had not been sent by the petitioner's sister. In his habeas action, petitioner argues that his trial counsel failed to ensure that accurate information about Facebook was presented and that this destroyed his counsel's credibility with the jury. In addressing petitioner's arguments, the circuit court found that it was "not convinced that a reasonable attorney in trial counsel's shoes would have produced any evidence, or argument, relevant to the authenticity of the messages" because such evidence "would have proven the authenticity of the State's impeachment evidence." (emphasis omitted). The court went on to find that "[p]etitioner did not produce any evidence at the omnibus hearing demonstrating what a reasonable investigation in this instance may have looked like or how it may have influenced the outcome of the trial." We find no clear error in the circuit court's findings, and we agree with the circuit court's determination that petitioner's trial counsel's performance was not deficient under an objective standard of reasonableness. Accordingly, we conclude that the circuit court did not abuse its discretion by denying the petitions on this issue.

Finally, in petitioner's fourth assignment of error, he contends that his trial counsel was ineffective by failing to object during the State's closing argument, wherein the State's counsel implied that petitioner "fornicated" with the victim. Petitioner argues that fornication is "consensual sexual intercourse between two persons not married to each other," and that the comment "allowed [the] jury to hear a worse version of the alleged crimes than what the State presented throughout their presentation of the case[,] . . . potentially harm[ing] [p]etitioner in an irreparable way[.]" We find that the circuit court correctly applied Syllabus Point 6 of *State v. Sugg*, 193 W. Va. 388, 456 S.E.2d 469 (1995),[4] in finding that the State's counsel's comment was not misleading or prejudicial, that the comment was isolated to closing arguments, that there was "more than enough 'competent proof' to establish the [p]etitioner's guilt," and that the comment was "deliberately placed before the jury to focus attention on matters *intrinsic* to the [p]etitioner's trial." Additionally, we note that petitioner has not alleged that his trial counsel failed to ensure that the jury was properly instructed. Thus, we find that petitioner's trial counsel's performance was not deficient under an objective standard of reasonableness, and we conclude that the circuit court did not abuse its discretion in denying the petitions on this issue.[5]

---

[4] Syllabus Point 6 of *State v. Sugg*, 193 W. Va. 388, 456 S.E.2d 469 (1995), provides:

Four factors are taken into account in determining whether improper prosecutorial comment is so damaging as to require reversal: (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters.

[5] Petitioner argued in a fifth assignment of error that he was entitled to habeas relief due to the cumulative error of his trial counsel. Having determined that petitioner's trial counsel committed no error, we find that petitioner is not entitled to habeas relief on this basis.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 17, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

4